IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. ROSBERG,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY R. ROSBERG, STATE OF NEBRASKA, and JAMES KUBE,<br><br>Defendants. | **8:21CV152**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, filed his pro se Complaint on April 15, 2021, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1) pursuant to 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff requests "that an immediate order be issued preventing chancery district court Judge Kube from ruling on any of [Plaintiff's] cases in State District Court until after a trial or hearing can be heard determining whether Kube has a lawful right to be the presiding Judge." (Filing 1, p. 1.) Plaintiff alleges Judge Kube entered an unlawful divorce decree in 2017, and since that time has failed to rule on several filings Plaintiff has made, including five motions (for a new trial and for reconsideration of various orders), a complaint for modification of child support, and two requests for hearing on claimed exemptions from execution on the judgment in the divorce case. Plaintiff alleges Judge Kube is prejudiced and biased against him.

## III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is Plaintiff's contention that he is being denied due process by Judge Kube, in violation of the Fourteenth Amendment.

For the reasons discussed below, the court concludes that *Younger* abstention[1] applies in this case, and, in addition, that the domestic relations exception to federal district court jurisdiction prevents it from deciding any factual disputes related to Plaintiff's divorce case. This action therefore will be dismissed without prejudice.

---

[1] *See Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* abstention doctrine directs federal district courts to "abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

Here, Plaintiff alleges that several post-judgment motions and other matters are pending in state court, and he seeks to enjoin Judge Kube from ruling on those matters. Plaintiff has the ability to seek Judge Kube's recusal for alleged bias and prejudice by filing a motion in state court, and, if necessary, to appeal from an adverse ruling. *See Kennedy v. Kennedy*, 287 N.W.2d 694, 696 (Neb. 1980); *see also Williams v. City of Lincoln*, 932 N.W.2d 490, 497 (Neb. App. 2019) ("Under the Nebraska Revised Code of Judicial Conduct, a judge must recuse himself or herself from a case if the judge's impartiality might reasonably be questioned."). Thus, the first and third conditions for *Younger* abstention are met. The court is also convinced that recusal or disqualification of a judge implicates important state interests, such that abstention is required in this case.

The Supreme Court has extended *Younger* abstention "to civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions, …." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans* [*NOPSI*], 491 U.S. 350, 368 (1989) (citing *Juidice v. Vail,* 430 U.S. 327, 336, n. 12 (1977)). Accordingly, in *Shafizadeh v. Bowles*, 476 F. App'x 71, 73 (6th Cir. 2012), the United States Court of Appeals for the Sixth Circuit held that *Younger* abstention applied where, as here, the plaintiff sought "an injunction to direct the judge who presided over the [plaintiff's] divorce to remove himself from the case" and "declarations that the rules or practices applied in his case are invalid." The Court of Appeals found that the "federal suit would grossly interfere with the state divorce case," and that "an important state interest was involved in the state proceeding—the divorce of [the couple], the proper division of their marital property, and the enforcement of the divorce court's orders." (Internal quotation marks and citations omitted).

3

A comparable result was reached by a federal district court in *Perso v. Perso*, No. 19CV2858JMASIL, 2019 WL 4415399 (E.D.N.Y. Sept. 13, 2019), where a pro se plaintiff brought a § 1983 action to challenge determinations that were made in an underlying state court child custody case. The court stated:

> Insofar as plaintiff seeks an "immediate decision of custody ... [and that] Judge Morris [ ] recuse himself from this case" (Compl. at 12), such injunctive relief … would cause this Court to intervene in plaintiff's ongoing state court divorce and child support proceedings. Under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003).… Plaintiff's complaint "implicates the way that New York courts manage their own divorce and custody proceedings—a subject in which 'the states have an especially strong interest.'" [*Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015)] (quoting *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973)). Additionally, New York has an important interest in the accurate and bias-free functioning of its judicial system. *See, e.g., Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 12-14 (1987) (state interest in regulating judicial procedures); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (state interest in functioning of judicial system). Accordingly, this Court abstains under *Younger* from interfering in plaintiff's ongoing state-court proceedings involving child custody and visitation issues and "implicat[ing] a State's interest in enforcing the orders and judgments of its courts." [*Sprint Comm'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013); *see Bukowski v. Spinner*, 709 F. App'x 87, 88 (2d Cir. 2018) (affirming "the dismissal of [plaintiff's] complaint on the ground that federal-court abstention is required under *Younger* ... insofar as [plaintiff] seeks declaratory or injunctive relief that would interfere with a "[s]tate court's ability to perform its judicial function in ... [an ongoing] custody proceeding[ ]") (quoting *Falco*, 805 F.3d at 425); *Aaron v. O'Connor*, 914 F.3d 1010, 1017 (6th Cir. 2019) ("We conclude that the ability of the courts of the State of Ohio to determine when recusal of a judge or justice is appropriate and to administer the recusal decision process in accordance with state law operates 'uniquely in furtherance of the state courts' ability to perform their judicial functions. " (citation omitted).

*Id.*, at *3. *Accord*, *Kelly v. New York*, No. 19CV2063JMAARL, 2020 WL 7042764, at *4-5 (E.D.N.Y. Nov. 30, 2020) ("This Court will not interfere in Plaintiff's on-going State Court post-judgment divorce and custody proceedings, which Plaintiff's claims are presided over by state court judges who are allegedly biased against him and should have recused themselves.").

The federal district court in *Perso* also held that it lacked subject-matter jurisdiction to resolve any factual disputes regarding the divorce case:

> Under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (internal quotation marks and citation omitted); *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (dismissing pro se complaint seeking to challenge state court child custody order because federal court review was barred by the domestic relations exception) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992))….
>
> As is readily apparent, plaintiff's claims here seek to challenge determinations in the state court case concerning the custody of and visitation with plaintiff's son. Such claims unquestionably implicate the judicially recognized exception to federal subject matter jurisdiction in cases involving domestic relations….
>
> Although plaintiff styles some of his claims as raising constitutional issues, the allegations stem from an on-going state domestic relations matter and are thus outside this Court's jurisdiction. *See McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (former husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were violated in proceedings in which former wife obtained upward adjustment of child support would require the court to "re-examine and re-interpret all the evidence brought before the state court" in the earlier state proceedings and, therefore, the district court did not have subject matter jurisdiction) (citing *Neustein v. Orbach*, 732 F. Supp. 333 (E.D.N.Y. 1990) (district court lacked jurisdiction because it could not resolve factual disputes connected to domestic relations)); *see also Sullivan v. Xu*, 10 CV 3626, 2010 WL 3238979, at *2 (E.D. N.Y. Aug. 13, 2010) (no jurisdiction over the plaintiff's challenges to

> child custody and child support orders); *Guichiardo v. Barrazza*, 16-CV-1222, 2016 WL 3541547, at *3 (E.D.N.Y. Jun. 23, 2016) (applying the domestic relations exception where the plaintiff "style[d] some of her claims as raising constitutional issues, but the allegations stem from a state domestic relations matter....").

*Perso*, 2019 WL 4415399, at *2-3. *Accord*, *Kelly*, No. 2020 WL 7042764, at *6 ("Although Plaintiff styles his claims as raising constitutional issues, the allegations stem from an on-going state domestic relations matter and are thus outside this Court's jurisdiction.").

In the present case, although Plaintiff does not specifically request the court to make factual determinations regarding the state court divorce case, his allegations of judicial bias and prejudice appear "inextricably intertwined" with rulings that were made (or not made) by Judge Kube in the divorce case. *See Kahn v. Kahn*, 21 F.3d 859 (8th Cir. 1994). Thus, even if the domestic relations exception does not necessarily deprive the court of subject-matter jurisdiction, it provides a strong rationale for abstaining from exercising jurisdiction in this case. *See, e.g., George v. Belmont*, No. 8:20-CV-529, 2021 WL 2117243, at *3 (D. Neb. May 25, 2021) ("[A]warding [the plaintiff] damages [for alleged wrongdoing by his ex-wife's attorney] would be deliberately intended to undo the state court's property settlement based on factual findings necessarily contradicted by its decree. So, this is a proceeding both implicating a state's interest in enforcing the orders and judgments of its courts, and substantially related to a pending state proceeding, making *Younger* abstention appropriate.").

> Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." [*Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994).] This [domestic relations exception] doctrine precludes federal suits involving "a remedy which is essentially domestic—where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." [*Wallace v. Wallace*, 736 F.3d 764, 767 (8th Cir. 2013).] No matter how styled, the domestic relations exception disallows domestic claims "cloaked in the 'trappings' of another type

6

of" a federal claim. *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (quoting *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078-79 (5th Cir.1990)).

*Kitchen v. Developmental Servs. of Nebraska, Inc.*, No. 8:20CV08, 2021 WL 1531599, at *2 (D. Neb. Apr. 19, 2021); *Williams v. Nebraska*, No. 8:19CV484, 2020 WL 1914931, at *2 (D. Neb. Apr. 20, 2020).

## IV. CONCLUSION

The court will abstain from exercising whatever subject-matter jurisdiction it may have in this case, and will dismiss the case without prejudice.

IT IS THEREFORE ORDERED:

1. This case is dismissed without prejudice.

2. Judgment will be entered by separate document.

Dated this 1st day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge