IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PAUL A. ROSBERG,

Plaintiff,

vs.

KELLY R. ROSBERG, STATE OF NEBRASKA, and JAMES KUBE,

Defendants.

8:21CV152

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for reconsideration (Filing 8), in which Plaintiff asks the court to set aside the judgment of dismissal without prejudice that was entered on June 1, 2021 (Filing 7).

Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the motion for reconsideration, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Upon consideration of Plaintiff's motion, the court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal without prejudice. He has not shown that the dismissal was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief.

Plaintiff complains the court made a misstatement of fact in summarizing the pleadings in its memorandum and order on initial review, when it stated: "Plaintiff alleges Judge Kube entered an unlawful divorce decree in 2017." (Filing 6, p. 2.) Plaintiff states the divorce decree was actually entered by Judge Vaughn, who is not named as a defendant. The court does not find this to be a material misstatement of fact with respect to Plaintiff's § 1983 claim.

The court construed Plaintiff's Complaint as alleging that Judge Kube has violated Plaintiff's right to due process under the Fourteenth Amendment. Plaintiff also alleges his divorce decree was unlawful because he was denied his right to trial by jury under the Seventh Amendment. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject

2

matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment." *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). This court therefore lacks jurisdiction to consider a Seventh Amendment challenge to Plaintiff's divorce decree. *See, e.g., Robinson v. Eatherton*, No. 8:19CV283, 2019 WL 3572873, at *6 (D. Neb. Aug. 6, 2019) (holding that "Plaintiff's request for injunctive relief in the form of compelling a judge to remain recused from Plaintiff's divorce case and ordering an alternate judge from Hall County to preside over his divorce is barred by the *Rooker-Feldman* doctrine."). As discussed in the court's previous memorandum and order, the *Younger* abstention doctrine also prevents the court from deciding factual disputes related to Plaintiff's divorce case. Simply put, Plaintiff's request for relief, that Judge Kube "be required to take himself off my case" (Filing 8, p. 4), cannot be granted in this action.

In sum, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Filing 8) is denied.

Dated this 25th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge